Antonio SOLANO, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 17, 2005.

Decided Aug. 18, 2005.

Publication Ordered Oct. 7, 2005.

**944**

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

## OPINION BY Judge LEADBETTER.

■ Before this court is the motion of Anthony Solano to vacate the automatic supersedeas which took effect when the Board of Probation and Parole (Board) sought allowance of appeal from this court's order reversing the revocation of Solano's parole. It is well-established that in order to prevail on a motion to vacate an automatic supersedeas, the petitioner must establish: 1) that he is likely to prevail on the merits; 2) that without the requested relief he will suffer irreparable injury; and 3) that the removal of the automatic supersedeas will not substantially harm other interested parties or adversely affect the public interest. *Elizabeth Forward Sch. Dist. v. Pennsylvania Labor Relations Bd.,* 149 Pa.Cmwlth. 235, 613 A.2d 68 (1992), *citing Pennsylvania Pub. Util. Comm'n. v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983).

■ Considering the first of these criteria, we agree with Solano that he is likely to prevail on the merits, in spite of the Board's strenuous argument to the contrary. It is the Board's position—articulated only obliquely in its brief to this court in response to Solano's appeal, but more fully in its petition for allowance of appeal—that parole hearings are divided into two phases, a fact-finding phase and a "discretionary" or penalty phase, "so that when a parolee's admission that he violated a parole condition at his Violation Hearing is accepted during the factfinding phase, he waives the right on appeal to challenge anything but the voluntariness of his accepted admission, the jurisdiction of the Board and the length of the recommittal period." Petition for Allowance of Appeal at 10. Thus, it argues that when Solano stated that he admitted the violation, the admission was tantamount to a guilty plea. The problem with this argument, however, is twofold. First, the Board cites no authority for the proposition it urges. Moreover, although advised on the record of a number of rights (including his right to appointed counsel, his right to a preliminary hearing and a final hearing before a panel) and questioned concerning his understanding of the consequences of his waiver of those rights and its voluntariness, he was never advised that by "admitting the violation" he was making a binding legal admission that he violated his parole, rather than a factual admission regarding the charges which had just been read to him. Indeed, Solano repeatedly stated during the proceeding that he did not understand "gang activity" to include visiting Montezuma in prison, and would not have done so had he known it would be considered a violation of his parole. It is impossible to tell from the record of the hearing whether Solano understood the legal consequences attributed by the Board to his "admission" and was offering the explanation in mitigation, or whether he intended simply to admit the fact that he visited the other gang member while asserting his belief that it did not amount to a violation. At all events, adopting the Board's guilty plea analogy, no plea would be upheld in the absence of on-the-record advice of the legal consequences of admitting guilt, particularly

where the defendant stated that he did not believe the admitted conduct constituted a crime and persisted in asserting that legal defense on appeal. It would appear to this court that the most relief the Board could obtain if appeal were allowed by our Supreme Court would be a remand for a new hearing with a proper colloquy.

Next, the irreparable harm to Solano is self-evident. Based on the violation, he was recommitted to serve eighteen months backtime beginning June 17, 2004. Thus, it is abundantly clear that this term will be fully served before the matter could be addressed on the merits by our Supreme Court, and if the automatic supersedeas remains in place, Solano will be deprived of all relief even if he ultimately prevails.

The Board argues, however, that it will suffer irreparable harm if Solano is released. It produced a letter it received from the sentencing judge in early 2003 opposing Solano's parole, which stated that, "It would appear that the defendant is a very dangerous individual, who will be difficult if not impossible to supervise while on parole." The Board further alleges that when Solano visited Montezuma they conspired to "take care of" the Commonwealth's primary witness in Montezuma's upcoming murder trial (which has now been concluded, resulting in a life sentence to Montezuma). These allegations are exceedingly troublesome, but it is also readily apparent that the harm perceived by the Board is of its own making. The record reflects that the Board released Solano on parole only one month after serving his minimum sentence against the strong recommendation of the sentencing judge. Moreover, having found a violation of that parole, the Board recommitted Solano for eighteen months, a small fraction of his remaining term. The Board states that, "By admitting the violation, Solano kept the informant's testimony about his diabolical plotting out of the record ...,"[1] but if the parole authorities had evidence which would have justified a longer recommitment period, it was incumbent upon them to present it. At this point, even if the supersedeas remains in place, Solano will be released in December of this year; hence the harm described by the Board will not be eliminated, but merely postponed for approximately four months. It is extremely distressing that the Board comes to this court pressing the urgency of keeping Solano in prison for four months when it has twice refused to exercise its power to keep him there far longer. One way or the other, within a very short time, the Board will have to contend with the responsibility of effectively supervising Solano on parole.

Nonetheless, the public interest is another matter. The conduct attributed to Solano by the Board suggests that his release poses significant danger to the community. While other factors certainly support grant of the motion, if we give any credence to the Board's allegations, the public interest does not, and the stakes are very high. Had the Board chosen to provide any evidentiary support for its allegations,[2] this court would have had no hesi-

---

1. Petition for Allowance of Appeal at 8.

2. Because counsel for the Board was advised that the court would not accept unverified statements of fact dehors the record, the Board submitted an affidavit from Solano's parole officer. However, he had no personal knowledge of the conversation between Solano and Montezuma but rather received the information from an Allentown police detective who also, presumably, was not privy to the conversation but must have heard about it from some undisclosed source. Suffice it to say that third-hand hearsay from an unknown declarant is scant, if any, improvement over unsupported allegations by counsel. In addition, if admissible evidence were available, one must wonder why Solano has not been

tancy in finding that the public interest mandated that the supersedeas be maintained, even though such action would go only a small way toward obviating the problem. The court, however, can hardly be expected to take such action simply because, in spite of its failure to satisfy the *Elizabeth Forward* standards, the Board demands that it do so. Balancing the seriousness of the Board's allegations against the other factors outlined above, the motion to vacate the automatic supersedeas will be granted, but immediate release will not be ordered; the Board will be given an additional thirty days to take whatever action it deems appropriate including, inter alia, seeking supersedeas from our Supreme Court or, if necessary, devising an appropriate plan of supervision in anticipation of Solano's release.

### ORDER

AND NOW, this 18th day of August, 2005, upon consideration of the motion of petitioner Antonio Solano to vacate automatic supersedeas in the above captioned matter, the motion is GRANTED in accordance with the foregoing opinion. The automatic supersedeas shall be vacated thirty days from the date of this order unless further extended or reinstated by the Supreme Court of Pennsylvania. The motion to strike the Board's answer to the foregoing motion is DENIED.

charged with conspiracy. It may well be that law enforcement authorities are not willing at this time to expose the identity of an informant in order to keep Solano imprisoned for four more months, but that is their choice.